**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
PATRICIA A. COSBY,

                        Plaintiff,

       - v -                                Civ. No. 1:14-CV-640
                                                   (GLS/RFT)

SAFECO INSURANCE COMPANY OF AMERICA,

                        Defendant.

**APPEARANCES:**                     **OF COUNSEL:**

PATRICIA A. COSBY
*Pro Se Plaintiff*
610 Gage Street #2
Bennington, Vermont 05201

JAFFE, ASHER LAW FIRM       MARSHALL T. POTASHNER, ESQ.
*Attorney for Defendant*
600 Third Avenue, 9th Floor
New York, New York 10016

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

On May 29, 2014, Safeco Insurance Company of America (hereinafter "Safeco") filed a Notice to remove this matter from the New York State Supreme Court, Rensselaer County to this District. Dkt. No. 1, Notice of Removal, dated May 29, 2014. Attached to the Notice is *pro se* Plaintiff Patricia Cosby's (hereinafter "Cosby") Complaint. Dkt. No. 1-1, Compl. On June 4, 2014, Safeco filed a Motion for a More Definite Statement, pursuant to FED. R. CIV. P. 12(e). Dkt. No. 5, Def.'s

Mot., dated June 4, 2014. On July 8, 2014, Cosby filed a Response to Safeco's Motion, Dkt. No. 9, to which Safeco filed a Reply, Dkt. No. 10. On August 5, 2014, Cosby submitted a Supplemental Filing. Dkt. No. 12. Once the Motion was fully briefed, the Honorable Gary L. Sharpe, Chief United States District Judge, determined that a motion for a definite statement is non-dispositive and accordingly referred the Motion to this Court. Dkt. No. 13, Text Order, dated Oct. 15, 2014.

Cosby's Complaint approximates a paragraph, possibly two. Dkt. No. 1-1. Safeco contends that the Complaint is "unintelligible" and "impossible to determine on what basis or on what facts plaintiff claims any right of action against [it]." Dkt. No. 5-1, Marshall T. Potashner, Esq., Aff., dated June 4, 2014, at ¶ 4. Safeco cannot tell from the Complaint whether Cosby is pleading that it has breached a settlement or if she is attempting to compel it to enter into a settlement of a claim. *Id*. Though Cosby refers to this matter as a "misrepresentation" by Safeco, Safeco notes that there are no facts nor legal basis to support a cause of action sounding in either a fraud or misrepresentation. *Id*. at ¶¶ 4-6.

The Court concurs with Safeco's observations that Cosby's Complaint does not meet the requirements of Federal Rules of Civil Procedure 8 and 10 and, moreover, in its current state, is virtually incomprehensible to follow. As best that the Court can discern, Cosby is claiming to be a victim of Safeco's "unprofessional conduct," and

is seeking a "settlement of $7,200,000[.]" Dkt. No. 1-1 Compl. Without more, Safeco is unable to respond appropriately to the Complaint.

Federal Rule of Civil Procedure 12(e) states that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Even extending special solicitude to this *pro se* Plaintiff as well as viewing her Complaint with exceptional liberality, her pleading is vague, ambiguous, and woefully deficient.

As suspected, Cosby's Response confirms that she is seeking to compel Safeco to engage in settlement regarding injuries sustained from a car accident. Dkt. No. 9, Pl.'s Resp. Accepting the Response as true, Cosby was injured on December 4, 2009 in a "high speed accident" caused by a "Drunken Driver." *Id.* at p. 1. Apparently, this errant driver's insurance company is Safeco who may have opened a claim file pertinent to this accident. Cosby seems confounded that Safeco would be asking her for medical and social security authorizations, when she surmises that Safeco already had obtained those records. In her view, additional requests for medical

authorizations is "unprofessional" and deceitful. *Id.*[1]

Cosby's Complaint suffers from both substantive and procedural deficiencies. Accepting that Cosby is seeking to compel Safeco to settle with her, she may not have either a statutory or common law cause of action. The New York Court of Appeals, addressed the question whether a "stranger" to an insurance policy – an injured party – can bring an action against the tortfeasor's insurance company for a determination of coverage issues. The Court of Appeals answered in the negative concluding that,

> [u]nder the common law, "an injured person possessed no cause of action against the insurer of the tort feasor" (*Jackson v Citizens Cas. Co.*, 277 N.Y. 385, 389 [1938]). When a plaintiff acquired a judgment against the insured and the insured failed to satisfy the judgment due to insolvency, the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier (*Burke v London Guar. & Acc. Co.*, 47 Misc. 171 [Kings County 1905], *affd* 126 App Div 933 [2d Dept 1908], *affd* 199 N.Y. 557 [1910]). A direct suit by an injured party against the tortfeasor's insurer was thus unknown to the common law (*Thrasher v United States Liab. Ins. Co.*, 19 N.Y.2d 159, 166 [1967]).

*Lang v. Hanover Ins. Co.,* 3 N.Y.3d 350, 353 (N.Y. Ct. App. 2004).

And this Court knows of no common law right to compel anyone to settle a matter

---

[1] Attached to Cosby's Response are copies of her medical records. Her Supplement Filing is a medical note providing a diagnosis of yet another ancillary medical condition caused by her physical injuries sustained on December 4, 2009. Dkt. No. 12.

with an aggrieved party. There is a very limited statutory exception to this common law rule. In a case where a judgment has been rendered against the tortfeasor-insured and it remains unsatisfied for more than thirty days, then an action may be maintained against the insurance company. N.Y. INS. LAW § 3420(a). Ostensibly, here, there is no judgment of liability against the tortfeasor-insured.[2]

This Court is not being asked to dismiss the Complaint because it fails to state a cause of action nor will it do so *sua sponte*. The matter before this Court is to determine whether a more definite statement that complies with the Federal Rules of Civil Procedure is justified. Under these circumstances a more definite statement is warranted. But there are other requirements Cosby must follow as well. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations

---

[2] Although courts should not provide advisory opinions, this Court nonetheless urges Cosby to consult with an attorney to consider her options including commencing an action against the alleged tortfeasor.

omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy of a burden for defendants in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996)

(McAvoy).  As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint."  *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised."  *Hudson v. Artuz*, 1998 WL 832708, at *2 (quoting *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) and further citing *Salhuddin v. Cuomo*, 861 F.2d at 42).  In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.  *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

Considering the instructions above, the Court directs Cosby to amend her Complaint so that it comports with Rules 8, 10, and 12(e).  In drafting the amended complaint, the Court offers the following guidance.  Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint**, must contain a caption that clearly identifies, by name, each individual and/or entity that Cosby is suing in the present lawsuit and must bear the case number assigned to this action.  The body of Cosby's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.

Thus, if Cosby claims that her rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual or entity who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Cosby's claim for relief.

Cosby's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Cosby is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Cosby shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding her relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**. Any amended complaint submitted by Cosby must set forth all of the claims she intends to assert against the defendant(s) and must demonstrate that a case or controversy exists between her and the defendant(s) which she has a legal right to pursue and over which this Court has jurisdiction. If Cosby is alleging that the named defendants violated some other federal or state law she should not the particular

statute.

Accordingly, it is hereby

**ORDERED**, that Safeco's Motion for a Definite Statement, Dkt. No. 5, is **granted**; and it is further

**ORDERED**, that Cosby shall file an amended complaint consistent with the direction herein within thirty (30) days of the filing date of this Decision and Order. Upon the service of the amended complaint, Safeco must respond within twenty (20) days thereafter; and it is further

**ORDERED**, that the Clerk of the Court shall mail a copy of this Decision and Order to Patricia A. Cosby at her last known address.

**IT IS SO ORDERED**.

October 28, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge