**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICIA A. COSBY,**

                  **Plaintiff,**              **1:14-cv-640**
                                         **(GLS/RFT)**

          **v.**

**SAFECO INSURANCE**
**COMPANY OF AMERICA,**

                  **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|

**FOR THE PLAINTIFF:**
Patricia A. Cosby
Pro Se
300 North Street
Apartment 3
Bennington, VT 05201

| **FOR THE DEFENDANT:** | |
|---|---|
| Jaffe, Asher Law Firm | MARSHALL T. POTASHNER, |
| 600 Third Avenue | ESQ. |
| 9th Floor | |
| New York, NY 10016 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Patricia A. Cosby commenced this action against

SAFECO Insurance Company of America,[1] asserting what appears to be a negligence claim as a result of an automobile accident.[2] (*See generally* Am. Compl., Dkt. No. 15.) Pending is SAFECO's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 19.) For the reasons that follow, SAFECO's motion is granted.

## II. __Background__[3]

Very few cogent facts may be gleaned from Cosby's amended complaint and the documents attached thereto. What the court has ascertained, however, is that Cosby suffered personal injuries, "pain[,] and long term suff[er]ing" as a result of an automobile accident, which occurred on December 4, 2009, and for which she was not at fault. (Am. Compl.

---

[1] Cosby's amended complaint captions defendant's name as "SAFCO," (Am. Compl. at 1), which, as revealed through subsequent filings, (Dkt. No. 19, Attach. 1 ¶ 1), is an incorrect spelling. Accordingly, the court will refer to defendant as "SAFECO."

[2] The court notes that Cosby did not specifically identify a legal cause of action in her amended complaint. After construing the scant factual allegations contained in her amended complaint in a light most favorable to her, however, negligence appears to be the only plausible claim asserted.

[3] "Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, . . . matters to which the court may take judicial notice[,]" and documents incorporated by reference in the complaint. *Spence v. Senkowski*, No. 91-CV-955, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *see Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). Here, the facts are drawn from Cosby's amended complaint and presented in the light most favorable to her. The court also considers various documents attached to Cosby's amended complaint, including medical records and a payment log sent to Cosby from State Farm Insurance. (Am. Compl. at 3-9.)

¶¶ 2-4, at 5, 9.)  Cosby claims that she has "exhausted all of [her] medical expense for no fault insurrance [sic]," yet continues to incur medical bills for her injuries; she now seeks damages from SAFECO in the amount of $7,200,000.  (*Id.* ¶¶ 3, 4.)

On April 1, 2014, Cosby commenced this action in New York State Supreme Court, Rensselaer County.  (Compl., Dkt. No. 1, Attach. 1 at 2.) SAFECO then removed the action to this court, on the basis of diversity jurisdiction.  (Dkt. No. 1.)  Shortly thereafter, SAFECO filed a motion for a more definite statement, (Dkt. No. 5), which the court granted, (Dkt. No. 14).  In its Decision and Order granting SAFECO's motion for a more definite statement, the court observed that Cosby's complaint "d[id] not meet the requirements of Federal Rules of Civil Procedure 8 and 10," and was "virtually incomprehensible."  (*Id.* at 2.)  The court then ordered Cosby to file an amended complaint, consistent with the pleading requirements set forth in Rules 8, 10, and 12(e) of the Federal Rules of Civil Procedure. (*Id.* at 5-9.)  Cosby then filed her amended complaint, and SAFECO filed its now-pending motion to dismiss.  (Dkt. No. 19.)

### III.  **Standard of Review**

The standard of review applicable to Fed. R. Civ. P. 12(b)(6) motions

3

is well settled and will not be repeated here.  For a full discussion of the

standard, the court refers the parties to its decision in *Ellis v. Cohen &

Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on

other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191

(2d Cir. 2015).

## IV.  Discussion[4]

SAFECO seeks dismissal of Cosby's amended complaint on two

separate grounds: (1) the amended complaint fails to meet the basic

pleading requirements, as Cosby has failed to allege that SAFECO was in

any way involved with the automobile accident; and (2) Cosby's negligence

claim is time-barred under New York's three-year statute of limitations.

(Dkt. No. 19, Attach. 4 at 4-7.)  Although Cosby filed a response, she has

failed to rebut SAFECO's arguments in any meaningful or substantive way.

(*See generally* Dkt. No. 23.)  The court agrees with SAFECO that Cosby's

amended complaint must be dismissed, both because she has failed to

state a negligence claim against SAFECO, and because her claim is

time-barred.

Turning first to SAFECO's argument that Cosby has failed to state a

---

[4] The court is satisfied that New York law applies to this diversity action.

4

negligence claim against it, the court notes that, "[u]nder New York law, . . .

a plaintiff must establish three elements to prevail on a negligence claim:

(1) the existence of a duty on [the] defendant's part as to [the] plaintiff; (2)

a breach of this duty; and (3) injury to the plaintiff as a result thereof."

*Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (internal

quotation marks and citation omitted). "Because a finding of negligence

must be based on the breach of a duty, a threshold question in tort cases

is whether the alleged tortfeasor owed a duty of care to the injured party."

*Espinal v. Melville Snow Contractors Inc.*, 98 N.Y.2d 136, 138 (2002)

(citations omitted).

Here, not only has Cosby failed to allege that SAFECO owed a duty

to her, but she has also failed to identify any facts that suggest that

SAFECO was involved, in any way, with the automobile accident that

caused her injuries. Indeed, it remains completely unclear to the court why

SAFECO is named as a defendant in this action. As SAFECO points out,

(Dkt. No. 19, Attach. 4 at 4-5), Cosby has not alleged that SAFECO owned

the vehicle that allegedly caused the accident, that a SAFECO employee,

while acting in the scope of his or her employment, caused or was

otherwise involved in the accident, or even that SAFECO is liable for the

tortious acts of its insured.[5]   While the court is cognizant that it must liberally read a *pro se* plaintiff's submissions, *see Rahl v. N.Y. Tel. Co.*, No. 1:09-cv-01165, 2010 WL 3338832, at *2 (N.D.N.Y. Aug. 24, 2010), "the complaint, nonetheless, must satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure," *Gould v. Russi*, 830 F. Supp. 139, 142 (N.D.N.Y. 1993).  In other words, *pro se* plaintiffs must "sufficiently apprise . . . defendant[s] of the charges asserted against" them.  *Id.* at 143.  Accordingly, the amended complaint must be dismissed for failure to state a claim.

Turning to SAFECO's second argument, (Dkt. No. 19, Attach. 4 at 6-7), the court is similarly persuaded that Cosby's amended complaint may alternatively be dismissed as time-barred.  In New York, negligence claims are generally subject to a three-year statute of limitations, "which begins to accrue on the date of the injury to the person or her property."  *Salzman v. Cont'l Airlines, Inc.*, No. 1:10-cv-1209, 2011 WL 4566429, at *2 (N.D.N.Y. Sept. 29, 2011); *see* N.Y. C.P.L.R. § 214(5).  Here, it is clear that Cosby

---

[5] The court notes that, even if Cosby were seeking to hold SAFECO liable for the tortious acts of its insured, that claim would also fail, because a stranger to an insurance policy—i.e., an injured party—cannot bring an action against the tortfeasor's insurance company, without first seeking and obtaining a judgment against the insured tortfeasor. *See Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 353-55 (2004).  Here, there is no allegation that Cosby sought and obtained a judgment against the individual who caused the accident.

seeks damages only for personal injuries that she sustained during a

December 4, 2009 automobile accident.  (Am. Compl. ¶¶ 2-4, at 5, 9.)

Cosby even acknowledges that this is the correct date of the accident in

her response to SAFECO's motion to dismiss.  (Dkt. No. 23 at 2.)  Because

her complaint was not filed until April 2014—more than four years since the

date that her negligence claim arose—Cosby's amended complaint must

also be dismissed as time-barred.

Finally, although in all cases "[t]he court should freely give leave [to

amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a *pro se* litigant

in particular should be afforded every reasonable opportunity to

demonstrate that [s]he has a valid claim," *Matima v. Celli*, 228 F.3d 68, 81

(2d Cir. 2000) (internal quotation marks and citations omitted).

Specifically, a complaint filed by a *pro se* litigant "should not [be]

dismiss[ed] without granting leave to amend at least once when a liberal

reading of the complaint gives any indication that a valid claim might be

stated."  *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal

quotation marks and citation omitted).  However, "granting a *pro se* plaintiff

an opportunity to amend is not required where the plaintiff has already

been given a chance to amend h[er] pleading."  *Koehl v. Greene*, No. 9:06-

CV-0478, 2007 WL 2846905, at *3 (N.D.N.Y. Sept. 26, 2007); *see Shuler v. Brown*, No. 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. Mar. 23, 2009). Moreover, the court need not extend an opportunity to amend where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, Cosby has already been afforded one opportunity to amend her complaint, and she was unable to cure the pleading deficiencies. (Dkt. No. 14; Am. Compl.) Further, in her motion response, Cosby has neither requested nor offered any reason why she should be given leave to amend a second time. (Dkt. No. 23.) Moreover, because Cosby's amended complaint is clearly time-barred, amendment would be futile. *See Roach v. Clark*, No. 5:15-CV-0408, 2015 WL 4067504, at *13 (N.D.N.Y. July 2, 2015) (denying leave to amend where certain claims were dismissed on statute of limitations grounds). The court, therefore, declines to afford Cosby the opportunity to amend her complaint a second time.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that SAFECO's motion to dismiss (Dkt. No. 19) is

8

**GRANTED**; and it is further

**ORDERED** that Cosby's amended complaint (Dkt. No. 15) is

**DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

August 24, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court